UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60726-LEIBOWITZ/AUGUSTIN-BIRCH

**KENDALL MILLER,** *et al.***,**

    Plaintiffs,

v.

**LATINOS RESTAURANTE CORP.,** *et al.***,**

    Defendants.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFFS' AMENDED MOTION FOR DEFAULT JUDGMENT

This cause comes before the Court on Plaintiffs Kendall Miller, William Norkunas, and Access 4 All, Inc.'s Amended Motion for Default Judgment. DE 16. The Honorable David S. Leibowitz, United States District Judge, referred the Amended Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 18.

Plaintiffs' Amended Motion seeks entry of default judgment against two of the three Defendants to this action, Latinos Restaurante Corp. and Latinos Meat Market, Inc. After Plaintiffs filed their Amended Motion, Defendant Latinos Restaurante Corp. appeared in this case through counsel, and Judge Leibowitz vacated the entry of clerk's default as to Defendant Latinos Restaurante Corp. DE 24; DE 25. Thus, with respect to Defendant Latinos Restaurante Corp., the Court recommends that Plaintiffs' Amended Motion be **DENIED**.

Defendant Latinos Meat Market, Inc. has not appeared in this case and remains in default. *See* DE 15 (clerk's default). But entry of default judgment is inappropriate in certain circumstances where inconsistency among judgments may result. *Rodriguez v. Guacamole's*

*Authentic Mexican Food & More, LLC*, No. 11-62527-CIV, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012). Such circumstances include where the defendants are jointly and severally liable and fewer than all of the defendants are in default. *Id.* at *2–3 (denying without prejudice a motion for default judgment against a defaulting defendant pending adjudication of the case against the appearing defendants); *see also Mayorga v. Stamp Concrete & Pavers, Inc.*, No. 13-81274-CIV, 2015 WL 3556972, at *2 (S.D. Fla. June 4, 2015) ("The general rule . . . is that when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." (quotation marks omitted)).

Here, Plaintiffs allege in the Complaint that three Defendants—Leonard Associates, Inc., Latinos Restaurante Corp., and Latinos Meat Market, Inc.—are liable for a commercial property's physical barriers that violate the Americans with Disabilities Act ("ADA"). DE 1 ¶¶ 25–38. Entry of default judgment against Defendant Latinos Meat Market, Inc. while the remaining Defendants continue to litigate could result in inconsistent judgments. For example, the Court might enter default judgment for ADA violations only to conclude upon further litigation that the commercial property does not have physical barriers that violate the ADA. Because entry of default judgment at this juncture risks inconsistent judgments, the Court recommends that Plaintiffs' Amended Motion be **DENIED WITHOUT PREJUDICE** with respect to Defendant Latinos Meat Market, Inc., with Plaintiffs granted leave to renew their request for entry of default judgment following resolution of the claims against the appearing Defendants.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 4th day of August, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE